No
CV30

FEB 22 2021

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1  JOHANNA L STOWERS
2  606 JEFFERSON STREET
   BAKERSFIELD CA 93305
3  Tel: 661-376-5582
   email: stowersjohanna@gmail.com
4
   Plaintiff EN PRO PER
5

6            **DISTRICT COURT OF CALIFORNIA**

7              **IN THE CENTRAL DISTRICT**

8
                                    Case No.: CV21-1796-FMO (SKx)
9  JOHANNA L STOWERS,

10          Plaintiff,               **COMPLAINT AND DEMAND FOR
                                     JURY TRIAL**
11    vs.
                                     (Unlawful Debt Collection Practices)
12 MERRICK BANK CORPORATION, a
   corporation; and Does 1 - 20, inclusive;   Demand Exceeds $10,000
13
14          Defendant(s).

15

16             **COMPLAINT FOR DAMAGES**

17         **I.      INTRODUCTION**

18      1.      JOHANNA L STOWERS ("Plaintiff") brings this action against Merrick Bank

19 Corporation ("Defendant" or "Merrick") for violations of the Telephone Consumer Protection

20 Act ("TCPA"), 47 U.S.C. Section 227. The TCPA is a federal statute that broadly regulates the

21 use of automated telephone equipment. Among other things, the TCPA prohibits certain

22 unsolicited marketing calls, restricts the use of automated dialers or prerecorded messages, and

23 delegates rulemaking authority to the Federal Communication Commission ("FCC"), as well as

24 the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Section 1692 et. Seq., and the

25 Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE Section 1788,

26 which prohibit creditors from engaging in abusive, deceptive and unfair practices in connection

27 with the collection of consumer debts.

28

                              1
                    COMPLAINT FOR DAMAGES

## II.    JURISDICTION

2.    Jurisdiction of this court arises under 47 U.S.C. Section 227 et seq., 28 U.S.C. 1331, and 15 U.S.C. Section 1692k(d).

3.    Venue and personal jurisdiction in this District are proper because Plaintiff resides in this district, Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

## III.    PARTIES

4.    Plaintiff is a natural person residing in Bakersfield, Kern County, California 93305.

5.    Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.  Thus, Plaintiff is a "debtor" as defined by the FDCPA 15 U.S.C. Section 1692a, and the RFDCPA, CAL. CIV. CODE Section 1788.2(h).

6.    Upon information and belief, defendant Merrick Bank Corporation is located at 10705 S. Jordan Gateway #200, South Jordan UT 84095, and can be served by serving its president and CEO at the same location.

7.    Upon information and belief, the telephone numbers (866) 978-1543, (800) 253-2322, (800) 599-2346, (877) 847-0125, (888) 774-9348, (877) 487-5563, (866) 452-1144, (866) 523-9144, (800) 204-5936, and (866) 638-6851 all belong to Defendant.

8.    In the ordinary course of businesss, regularly, on behalf of itself or others, Defendant engages in debt collection. Thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE Section 1788.2(c) and by the FDCPA, 15 U.S.C. Section 1692a(6). Defendant regularly engages in the collection of debt by telephone in several states including, California.

9.    Defenant's businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

COMPLAINT FOR DAMAGES

10.     When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

11.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12.     Within the last year, Defendant attempted to collect on consumer debt(s) from Plaintiff.

13.     The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

14.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parites.

15.     During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, pricipals, trustees, sureties, subrogates representatives, and insurers.

17.     The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.  FACTUAL ALLEGATIONS

18.     Defendants are attempting to collect alleged consumer debts from Plaintiff.

3

19.     Plaintiff's alleged debts are money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by the RFDCPA, CAL. CIV. CODE Section 1788.2(f), as well as the FDCPA 15 U.S.C. 1692a.

20.     Upon information and belief, defendant Merrick is listed as the creditor on all written communication regarding the account held by Plaintiff.

21.     Between the dates of November 5, 2019 and June 30, 2020, Defendant causes Plaintiff's cellular telephone number (661) 376-5582 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

22.     On or around January 5, 2020 at 3:05 pm, Plaintiff received a phone call from telephone number (866) 978-1543. Plaintiff answered the call and unequivocally revoked consent to be contacted on her cellular phone.

23.     When Plaintiff answered the phone, she heard a pause before the agent began to speak, indicating the use of an automated telephone dialing system.

24.     The telephone number (866) 978-1543 belongs to Merrick, and upon information and belief, the calls were made in an attempt to collect on an account.

25.     On or around January 11, 2020 at 3:05 pm, Plaintiff received a phone call from telephone number (888) 774-9348. Plaintiff answered the call and unequivocally revoked consent to be contacted on her cellular phone.

26.     When Plaintiff answered the phone, she heard a pause before the agent began to speak, indicating the use of an automated telephone dialing system.

27.     The telephone number (888) 774-9348 belongs to Merrick, and upon information and belief, the calls were made in an attempt to collect on an account.

28.     On March 12, 2020, Plaintiff received a phone call from telephone number (866) 452-1142. Plaintiff answered the call and unequivocally revoked consent to be contacted on her cellular phone.

29.     The telephone number (866) 978-1543 belongs to Merrick, and upon information and belief, the calls were made in an attempt to collect on an account.

4

COMPLAINT FOR DAMAGES

1   30.   After the January 11, 2020 call, Plaintiff received approximatey fifty (50)

2   additional calls from Defendant from January 12, 2020 through June 18, 2020.

3   31.   The purpose of the repeated phone calls was an attempt to collect an alleged debt.

4   32.   Each and every one of those telephone calls caused Plaintiff distraction,

5   temporary loss of use of her telephone line, and annoyance.

6   33.   Defendant is familiar with the TCPA, FDCPA, and RFDCPA.

7   34.   Defendant's conduct as described above was intended to harass, coerce, and

8   intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was

9   willing to pay.

10   35.   Defendant's conduct as described in detail above amounted to an unfair or

11   unconscionable means to collect or attempt to collect the alleged debt.

12   36.   The approximately fifty (50) phone calls placed from Defendant to Plaintiff's

13   cellular phone caused Plaintiff extreme emotional distress and aggravation.

14

15   **CAUSE OF ACTION**

16   **COUNT 1**

17   **DEFENDANT MERRICK VIOLATED THE TCPA, 47 U.S.C. SECTION 227**

18   37.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint

19   as though fully stated herein.

20   38.   Defendant violated the TCPA.  Defendant's violations include, but are not limited

21   to the following:

22   (a)   Within four years prior to the filing of this action, on multiple occasions,

23   Defendant violated TCPA 47 U.S.C. Section 227 (b)(1)(A)(iii) which states in pertinent part, "It

24   shall be unlawful for any person within the United States... to make any call (other than a call

25   made for emergency purposes or made with the prior express consent of the called party) using

26   any automated telephone dialing system or an artificial or prerecorded voice --- to any telephone

27   number assigned to a … cellular telephone service... or any service for which the called party is

28   charged for the call.

5

COMPLAINT FOR DAMAGES

(b)     Within four years prior to the filing of this action, on multiple occasions Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

39.     As a result of Defendant's violations of 47 U.S.C. Section 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. Section 227(b)(3)(B).   If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. Section 227(b)(3)(B) and 47 U.S.C. Section 227(b)(3)(C).

## COUNT II

### DEFENDANT MERRICK VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692B et. Seq.

40.     Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

Defendant Merrick violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(i)     Defendant Merrick violated 15 U.S.C. Section 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt; and

(ii)     Defendant Merrick violated 15 U.S.C. Section 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintff in telephone conversations repeatedly; and

(iii)     Defendant Merrick violated 15 U.S.C. Section 1692(f) by using unfair or unconscionable means in connection with the collection of an alleged debt.

41.     As a result of the foregoing violations of the FDCPA, Defendant Merrick is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

6

## COUNT III

### DEFENDANT MERRICK VIOLATED THE ROSENTHAL FAIR DEBT
### COLLECTION PRACTICES ACT, CAL. CIV. CODE SECTION 1788

42.    Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

Defendant violated the RFDCPA.  Defendant's violations include, but are not linmited to, the following:

(a)    Defendant violated CAL. CIV. CODE Section 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive of … Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)    Defendant violated CAL. CIV. CODE Section 1788.17 by violating 15 U.S.C. Section 1692d by engaging in coduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii)    Defendant violated CAL. CIV. CODE Section 1788.17 by violating 15 U.S.C. Section 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(iii)    Defendant violated CAL. CIV. CODE Section 1788.17 by violating 15 U.S.C. Section 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

43.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

44.    As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, and statutory damages.

## VI.  PRAYER FOR RELIEF

7

1    WHEREFORE, Plaintiff JOHANNA L STOWERS respectfully requests that judgment

2  be entered against Defendant Merrick Bank for the following:

3    (a)    Actual damages pursuant to CAL. CIV. CODE Section 1788.30(a); and

4    (b)    Statutory damages of $1,000.00 pursuant to CAL. CIV. CODE Section

5  1788.30(b); and

6    (c)    Statutory damages pursuant to 47 U.S.C. Section 227(b)(3)(B) and 47 U.S.C.

7  Section 227(b)(3)(C); and

8    (d)    Actual damages pursuant to 15 U.S.C. 1692k(a)(1); and

9    (e)    Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

10    (f)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be

11  allowed under the law; and

12    (g)    For such other and further relief as the Court may deem just and proper.

13

14                    VII. **DEMAND FOR JURY TRIAL**

15    Please take notice that Plaintiff demands a trial by jury in this action.

16

17                              RESPECTFULLY SUBMITTED,

18  Dated:  February 10, 2020                    JOHANNA L STOWERS, Pro Per

19

20                                    JOHANNA L STOWERS

21                                    In Pro Per

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

