**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHANNA L. STOWERS,<br><br>          Plaintiff,<br><br>    v.<br><br>MERRICK BANK CORPORATION,<br><br>          Defendant. | Case No. CV 21-1796 FMO (SKx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff Johanna L. Stowers ("plaintiff") filed her complaint on February 22, 2021 (Dkt. 1, Complaint). By order dated May 17, 2021, plaintiff was ordered to show cause, on or before May 24, 2021, why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Dkt. 8, Court's Order of May 17, 2021, at 1). Plaintiff was admonished that "[f]ailure to file a timely response to th[e] Order to Show Cause shall result in the action or [defendant] being dismissed for lack of prosecution and for failure to comply with the orders of the court." (Id.) (citing Local Rule 41; Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)). As of the date of this Order, plaintiff has not filed a response to the Court's Order of May 17, 2021, nor has she filed a proof of service of the summons and complaint on defendant. (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."  Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b) and the court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Thompson and Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and comply with the Court's Order of May 17, 2021 (Dkt. 8), is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of the court.

Dated this 1st day of June, 2021.

                                                  /s/
                                 Fernando M. Olguin
                             United States District Judge